UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WADE A. TURPIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4-07-CV-1088-SNL |
| | ) |
| GERALD E. HOEFLEIN, et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Wade A. Turpin for leave to commence this action without payment of the required filing fee [Doc. #2]. See 28 U.S.C. § 1915(a). Also before the Court is plaintiff's motion to appoint counsel [Doc. #5], his "motion for order" [Doc. #6], and his "motion for ex parte order" [Doc. #7]. Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it

lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1974 ( 2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, a resident at the Missouri Sexual Offender Treatment Center (MSOTC), seeks damages and immediate release from confinement. Plaintiff contends that defendant Hoeflein was unqualified to offer expert testimony with regard to whether plaintiff was a "sexually violent predator" who should be confined under the state's Sexually Violent Predator Act.

**Discussion**

The instant complaint is similar, if not identical to, previous complaints that plaintiff has filed in this Court which were dismissed as frivolous prior to service of process. See <u>Turpin v. Hoeflein</u>, No. 4:03-CV-124-SNL (E.D. Mo.); <u>Turpin v. Hoeflein</u>, No. 4:02-CV-1032-LMB (E.D. Mo.). Therefore, this

2

complaint must also be dismissed.  See Waller v. Groose, 38 F.3d 1007, 1008 (8th Cir. 1994) (holding that dismissal of claim as frivolous has res judicata effect on frivolous determinations for future in forma pauperis petitions raising identical claims).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #5] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiff's "motion for order" [Doc. #6] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's "motion for ex parte order" [Doc. #7] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both.  See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 24th day of September, 2007.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**